¶ 57
SHIRLEY S. ABRAHAMSON, J.
{concurring). Wisconsin was the first state in the nation to have an unemployment compensation law.[1] We should get this decision right.
f 58. I agree with the court's mandate. The employer has the burden of proving that Lela Operton is not eligible for unemployment benefits. It has not met this burden. Lela Operton wins.
f 59. I do not join the majority opinion for two principal reasons: (1) This is a "no deference" case.[2] (2) The majority opinion injects extra-statutory considerations into its analysis of Wis. Stat. § 108.04(5g)(a)2.
(1)
¶ 60. This is a "no deference" case. The court of appeals got it right: De novo review is appropriate because LIRC "is applying a new statute to a new concept." Operton v. LIRC, 2016 WI App 37, ¶ 20, 369 *28 Wis. 2d 166, 880 N.W.2d 169.[3] This court independently decides how to interpret Wis. Stat. § 108.04(5g)(a)2. Regardless of the deference issue, LIRC erred.
(2)
¶ 61. The majority opinion's analysis of Wis. Stat. § 108.04(5g)(a)2. significantly strays from the statutory text. It injects two extra-statutory considerations into its analysis of § 108.04(5g)(a)2.
¶ 62. The first statutory misstep is that the majority opinion adds the idea of a "warning" to Wis. Stat. § 108.04(5g)(a)2. The court of appeals got it right, concluding that "[t]he ALJ and LIRC erred in merging the 'warning' component set forth in the 'infraction' exception in § 108.04(5g)(a)1. with the 'inadvertent error' exception in § 108.04(5g)(a)2. ... Inadvertent errors, warnings or no warnings, never meet the statutory definition of substantial fault." Operton, 369 Wis. 2d 166, ¶¶ 24, 28.
¶ 63. Although the majority opinion concedes that the "inadvertent errors" language in § 108.04(5g)(a)2. *29 (in contrast with the language in § 108.04(5g)(a)1.)[4] contains no language regarding warnings to employees, the majority opinion tells readers, with a straight face, that "an employer's warnings" are "relevant" in § 108.04(5g)(a)2. Majority op., ¶ 45.
¶ 64. I agree with Judge Lundsten's concurrence in the court of appeals: "Warnings are not relevant under the 'inadvertent errors' alternative." Operton, 369 Wis. 2d 166, ¶ 45 (Lundsten, J., concurring).
¶ 65. The second statutory misstep occurs when the majority opinion "leave[s] open whether there is a point at which the number of errors that seem inadvertent in isolation cease to be inadvertent when viewed in their totality. ..." Majority op., ¶ 54 n.21. By reserving this question, and thus including this extra-statutory consideration in its analysis, see majority op., ¶¶ 51-53, the majority opinion once again performs a statutory analysis that is not tethered to the statutory language.
¶ 66. The statutory language provides that substantial fault does not include "one or more inadvertent errors . . . ." Wis. Stat. § 108.04(5g)(a)2. According to this text, the "inadvertent errors" analysis contains no numerical limits.
*30 ¶ 67. I agree with Judge Lundsten's concurrence in the court of appeals: "[T]he statute tells us that, if all we have is repeated . . . 'inadvertent errors,[1] we do not have 'substantial fault.' "[5]
¶ 68. These missteps demonstrate that the majority opinion does not apply the rule that the unemployment compensation law is to be "liberally construed to effect unemployment compensation coverage for workers who are economically dependent upon others in respect to their wage-earning status." Princess House, Inc. v. DILHR, 111 Wis. 2d 46, 62, 330 N.W.2d 169 (1983).
f 69. For the reasons set forth, I conclude that Lela Operton prevails, but I do not join the majority opinion.
¶ 70. I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.

 See Brief of Amicus Curiae Wisconsin State AFL-CIO; Brief of Amicus Curiae Wisconsin Employment Lawyers Association.

 I have difficulty with footnote 12 of the majority opinion. I do not understand the nature and scope of the majority opinion's reference to the "facts that pertain to the nature of the legal issue" or to the "substance of an agency's interpretation," which it refers to as a "threshold question." Nothing suggestive of this remark has been raised or briefed in the instant case.

 See also Racine Harley-Davidson, Inc. v. State, Div. of Hearings & Appeals, 2006 WI 86, ¶ 20, 292 Wis. 2d 549, 565-66, 717 N.W.2d 184 (footnotes omitted):
Thus, due weight deference and no deference to an agency's interpretation of a statute are similar. Under both due weight deference and no deference, the reviewing court may adopt, without regard for the agency's interpretation, what it views as the most reasonable interpretation of the statute. When due weight deference is accorded an agency, however, a reviewing court will not reverse the agency's statutory interpretation when an alternative interpretation is equally reasonable. In contrast, in a no deference review of an agency's statutory interpretation, the reviewing court merely benefits from the agency's determination and may reverse the agency's interpretation even when an alternative statutory interpretation is equally reasonable to the interpretation of the agency.

 Compare Wis. Stat. § 108.04(5g)(a)1. (Substantial fault does not include "[o]ne or more minor infractions of rules unless an infraction is repeated after the employer warns the employee about the infraction.") (emphasis added) with § 108.04(5g)(a)2. (Substantial fault does not include "[o]ne or more inadvertent errors made by the employee."). See also Operton, 369 Wis. 2d 166, ¶ 45 (Lundsten, J., concurring) ("This omission [of warnings], on the heels of express warning language in the rules infractions alternative, supports the conclusion that warnings are not relevant under the 'inadvertent errors' "alternative.").

 Operton, 369 Wis. 2d 166, ¶ 43 (Lundsten, J., concurring).

 For a more complete evaluation of the court's characterization of existing law in Harnischfeger Corp. v. LIRC, 196 Wis. 2d 650, 539 N.W.2d 98 (1995), see Patience Drake Roggensack, Elected to Decide: Is the Decision-Avoidance Doctrine of Great Weight Deference Appropriate in This Court of Last Resort?, 89 Marq. L. Rev. 541, 548-61 (2006).